IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Rendon Calderon,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>Respondents. | No. CV-26-01059-PHX-DJH (MTM)<br><br>**ORDER** |

      Petitioner filed this action challenging his immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025).

      Recently, on February 18, 2026, the *Bautista* court granted the class members' Motion to Enforce Judgment, and vacated the BIA's ruling in *In Re Hurtado*, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, --- F.Supp.3d ----, 2026 WL 468284, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.

February 18, 2026).[1]

In their response to this Court's OSC, Respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 6 at 7.) Under *Bautista*, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within seven days. But, alternatively, the Court's review of the Petition confirms he is entitled to relief regardless of *Bautista* and the Court grants relief based on its independent judgement that his detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release his from custody under the same conditions that existed before his detention.
3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.
4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 25th day of February, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[1] The Court is aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which adopted the minority view on whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under Section 1225. But that decision does not persuade the Court that its interpretation is incorrect, nor does it undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.